IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADFORD SHANE COOPER, JR. § | | |
| *Plaintiff* § | | |
| § | | |
| VS. § | | CASE NO. |
| § | | |
| RICHARD M. RINCON AND § | | |
| GSV TRANSPORTATION, INC. § | | PLAINTIFF DEMANDS A |
| *Defendants* § | | TRIAL BY JURY |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, **Bradford Shane Cooper, Jr.,** hereinafter referred to as Plaintiff, complaining of the **Richard M. Rincon and GSV Transportation, Inc.,** hereinafter referred to as Defendant and for cause of action would respectfully show this Honorable Court as follows:

2. This action is within the jurisdiction of this Court and this Court has jurisdiction based upon diversity of citizenship and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs and/or the minimum jurisdictional limits of this Court as per Title 28 U.S.C. § 1332.

3. Plaintiff **Bradford Shane Cooper, Jr,,** is a resident of the Southern District of Texas.

4. Defendant **Richard M. Rincon** is a proper defendant to this proceeding who is a resident of Hesperia, California, and may be served with process at his place of residence, **13046 Rancho Bernardo, Hesperia California 92345 and/or by forwarding** a true and correct copy of this petition and summons by registered or certified mail to:

> **Richard M. Rincon
> 13046 Rancho Bernardo
> Hesperia, California 92345.**

5.  Defendant **GSV Transportation, Inc.,** is a foreign corporation doing business in the state of Texas, which has designated **Victor Manuel Garcia** as its registered agent for service of process for which service of process may be had serving such registered agent with a true and correct copy of this petition and summons by forwarding same by registered or certified mail to:

> **GSV Transportation, Inc.**
> **C/O: Victor Manuel Garcia, Registered Agent**
> **2325 North Locust Avenue**
> **Rialto California 92377.**

6.  All matters conditions precedent to the filing and presentation of this claim have been performed.

7.  This lawsuit has become necessary as proximate result of personal injuries received and/or suffered by Plaintiff on or about November 2, 2013. On such date, Plaintiff **Bradford Shane Cooper, Jr.,** was driving his 1999 Ford Contour in an east bound direction in the 15000 block of Interstate 10 in Houston, Harris County, Texas, when he was involved in an automobile collision with a 2013 Freightliner operated by Defendant **Richard M. Rincon** which was also towing a 2011 Wabash National Corporation trailer.

8.  Based upon information and/or belief, Defendant **Richard M. Rincon**, failed to pay proper attention, failed to maintain his vehicle within a single marked lane, attempted to change lanes when unsafe, failed to provide notice and/or warning, among other things which proximately caused the collision made the basis of this suit.

9.  Based upon information and/or belief, Defendant **Richard M. Rincon** was operating the tractor and/or trailer while in the course and scope of his employment with and for and/or that the vehicle he was operating at the time date and on the occasion of the incident made the basis of

2

this claim was as owned, operated, and maintained by Defendant **GSV Transportation, Inc.,** which entrusted such vehicle to Defendant **Richard M. Rincon.**

10. Plaintiff **Bradford Shane Cooper, Jr,** alleges that the actions and/or omissions of Defendant **Richard M. Rincon** and/or Defendant **GSV Transportation, Inc.,** jointly, singularly and/or together in any combination proximately resulted in the causation of the incident made the basis of this suit. As a proximate result of the collision and/or incident, Plaintiff **Bradford Shane Cooper, Jr** suffered injuries and damages about which he complains.

11. On the date of the incident made the basis of this suit, Defendant **Bradford Shane Cooper, Jr.,** and Defendant **GSV Transportation, Inc.,** singularly, jointly and/or together inany combination were negligent and suchh negligence was a proximate cause of Plaintiff's injuries.

12. Plaintiff contends that the incident and injuries and damages giving rise to this incident were proximately caused by the negligence of the Defendants, singularly, jointly and/or together in any combination. The actions and omissions of the Defendant(s) constitute negligence which proximately resulted in injuries and damages being suffered by Plaintiff. The actions and/or omission of the Defendants, singularly, jointly, and/or together in any combination include but are not limited to:

Failure to maintain a single lane of traffic;

Unsafe lane change;

Failure to pay proper attention;

Use of a cellular, mobile, telecommunication or texting device
while operating a motor vehicle in such manner to obstruct proper attention;

Failure to timely brake;

Failure to properly brake;

Failure to properly supervise;

3

Failure to properly monitor;

Failure to warn;

Failure to provide notice;

Failure to provide safety training;

Failure to properly supervise

Failure to properly instruct;

Failure to properly coordinate activities;

Failure to properly communicate; and,

Negligent entrustment, among other things.

13. Pleading further and/or in the alternative, Plaintiff would show that he cannot more specifically allege the acts of negligence on the part of either Defendant for the reason that the facts in that regard are peculiarly within the knowledge of the Defendant(s), and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligence, Plaintiff relies on the doctrine of res ipsa loquitor. In this connection, Plaintiff will show that the Defendant vehicle and its operation and movement were within the exclusive control of the Defendant(s). Plaintiff has no means of ascertaining the method or manner in which the incident was caused to occur other than through Defendant(s). The occurrence causing harm to the Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of the Defendant(s). Thus each Defendant was negligent in their respective use, operation and supervision of the vehicle being operated and such negligence was a proximate cause of the injuries and damages of the Plaintiff.

14. As a direct and proximate result of negligence of the Defendants, singularly, joinlty and/or together in any combination, Plaintiff has suffered severe physical and mental pain and anguish, disfigurement and impairment and a loss of wages in the past and, in all reasonable

4

probability, Plaintiff will suffer such physical and mental pain and anguish, disfigurement, and impairment, and/or a loss of earning capacity for a long time into the future if not for the balance of his natural life. Furthermore, Plaintiff has incurred reasonable and necessary medical hospital pharmaceutical, chiropractic expenses in the past, and in all reasonable medical probability, will incur such charges medical and other expenses in connection with her injuries into the future. By reason of the above and foregoing, Plaintiff would show that he has been damaged in a sum far in excess of minimum the jurisdictional limits of the Court for which he comes now and sues.

15. WHEREFORE PREMISES CONSIDERED Plaintiff respectfully requests that each Defendant be cited to appear and answer, and that on final trial, Plaintiff have the following:

1.) judgment against Defendant, jointly and/or severally, for actual damages in an amount within the jurisdictional limits of the Court;

2.) pre-judgment interest as provided by law;

3.) post judgment interest as provided by law;

4.) costs of suit;

5.) such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**TYLKA LAW CENTER, P.C.**

By: _____
Lawrence M. Tylka
TB# 20359800
Federal bar No.: 285
1104 East Main (FM 518)
League City, Texas 77573
(281) 557-1500 telephone
(281) 557-1510 telecopier

THE LAW FIRM OF ALTON C. TODD

*/s/ Alton C. Todd*
Alton C. Todd
State Bar No. 20092000
Federal Bar #: 1308
312 S. Friendswood Drive
Friendswood, Texas 77546
(281) 992-8633 (Telephone)
(281) 648-8633 (Facsimile)

*ATTORNEY FOR PLAINTIFF*